UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
Norfolk Division

| | |
|---|---|
| THE MCHENRY MANAGEMENT GROUP, INC., <br><br> Plaintiff, <br><br> v. <br><br> ACE AMERICAN INSURANCE COMPANY D/B/A CHUBB INSURANCE COMPANY, <br><br> Defendant. | No. 2:25-cv-54 |

**THE MCHENRY MANAGEMENT GROUP, INC.'S BRIEF IN OPPOSITION TO ACE AMERICAN INSURANCE COMPANY d/b/a CHUBB INSURANCE COMPANY'S MOTION TO DISMISS**

In opposition to ACE America Insurance Company d/b/a Chubb Insurance Company's ("ACE") Motion to Dismiss under Fed. R. Civ. P. 12(b)(6), the McHenry Management Group, Inc. ("TMMG") states as follows:

### I.  INTRODUCTION

Edward Duvall suffered a heart attack while working aboard a U.S. naval vessel in a shipyard in Croatia. His widow filed for death benefits under the Defense Base Act ("DBA") against his employer Mi-Tech, considered to be a subcontractor of TMMG. When Mi-Tech was found to have no DBA coverage, Mrs. Duvall amended her claim to add TMMG as the statutory employer. Upon learning of the claim, TMMG's employer's liability insurer, ACE, sent a letter to TMMG reserving its rights with respect to liability but agreed to defend TMMG in the DBA proceeding.

The lawyer retained by ACE to defend TMMG (identified in the complaint as "CL") appeared throughout the hearings before the Administrative Law Judge (ALJ) and unbeknownst

to TMMG argued that ACE's insurance policy did not cover TMMG. It is a violation of ACE's responsibility to its insured, and a breach of the agreement to defend, to instructed TMMG's putative attorney to subvert TMMG's interest (not to mention due process right). As it stands, the ALJ found that ACE's insurance policy did not cover TMMG for the claimed death benefits citing to admissions by CL. The actions of CL makes it clear that TMMG's interests were not represented at the hearing. The ALJ's coverage ruling is now on appeal to the Board of Contract Appeals; however, this lawsuit presents a different issue than the one on appeal.

The issue in this case is whether ACE breached its agreement to defend by assigning an incompetent attorney and by instructing, encouraging or acquiescing as the attorney it appointed placed ACE's interests ahead of his client and its insured in handling the claim.

## II.  FACTS

In its complaint TMMG alleged the facts to support its cause of action as summarized here. See ECF Doc 1-2. TMMG explains the relationship with Mi-Tech and the work to be performed on the USS MOUNT WHITNEY while in a ship yard in Croatia, where Mr. Duvall suffered a heart attack. It covers the death benefits sought be Duvall's widow first from Mi-Tech, and then from TMMG as a statutory employer. Upon notice of the claim, TMMG's employer liability insurer, ACE, agreed in writing to defend under a reservation of rights. During the process, the attorney assigned by ACE advocated verbally and in briefs to the ALJ that ACE owed no coverage to TMMG for DBA benefits in this matter. The death benefits claim was heard before an ALJ and originally denied.

Ms. Duvall appealed that decision to the Department of Labor's Benefits Review Board (BRB). The attorney appointed by ACE filed no briefing on TMMG's behalf in connection with that appeal to the BRB. The BRB issued its Decision and Order reversing the ALJ's earlier decision

denying compensation. The BRB found Mr. Duvall was covered under the DBA and remanded the case for further consideration to a new ALJ due to the retirement of the previous one.

Upon remand the ALJ sought input to determine death benefits due. In a brief to the new ALJ, and throughout the proceedings, CL, argued that ACE's insurance policy did not cover the Duvall claim. In her holding, the ALJ ruled both Mi-Tech and TMMG jointly owed Mrs. Duvall funeral expenses, a specific weekly amount and other matters of compensation. In that same Decision and Order, she determined that ACE's insurance policy did not cover the claim for death benefits of the widow Duvall. In her order she stated:

> "TMMG also contends its Defense Base Act insurance policy with Chubb [ACE] did not cover Decedent's work in Croatia because it was limited to SMART inspections conducted by TMMG employees. [TMMG's Remand Bried] at 17."

Not until this order was issued did TMMG discover that its attorney was working against its interest in favor of the insured.

### III.    ISSUE

Having accepted the duty to defend and having assigned an attorney to TMMG, may ACE violate that duty with impunity by having the attorney, without TMMG's consent, present evidence and argue against coverage to TMMG's detriment in favor of the insurer, ACE.

### IV.    LEGAL STANDARD

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, 'to state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). In this case, ACE is not disputing that the facts, as alleged, do not constitute a viable common law contract dispute; rather, ACE argues collateral estoppel: that this court lacks the authority to decide something ACE claims the ALJ already ruled on.

### III.   ACE's ARGUMENT

As notes above, TMMG's Complaint includes two counts, a count for breach of contract for ACE's failure to properly discharge its obligations under its agreement to defend and a count for breach of its implied duty of good faith and fair dealing under that same agreement.

ACE argues that collateral estoppel deprives this court of the "power to render" a decision in this otherwise viable cause of action because the federal government has preempted the field by enacting the Longshore and Harbor Worker's Compensation ("LHWCA"), and by extension the Defense Bases Act ("DBA"); which through 33 U.S.C. § 919(a) authorizes an ALJ to hear claims for compensation and grants it "full power and authority to hear and determine all questions in respect of such claim." Courts have found that language to limit the ALJ's authority to the matter of compensation only. See, *Temp. Empl. Servs. v. Trinity Marine Group, Inc.,* 261 F. 3d 456 (5th Cir. 2001) and *Cont'l Ins. Co. v. Sandi Group, Inc.* 804 F. Supp. 2d 59 (U.S.D.C. DC 2011) .

As to the second count, ACE argues that under Virginia law no stand alone claim for breach of implied duty of good faith and fair dealing exists because that duty only arises under a contract; thus, count II is duplicitous with count I. Virginia recognizes an implied covenant of good faith and fair dealing in every contract and that a breach of the implied covenant gives rise to a breach of contract claim. *See The Reserve at Winchester 1, LLC v. R 150 SPE, LLC,* 2022 U.S. Dist. LEXIS 106803 \* (W.D. Va 2022) and *Levine v. Selective Ins. Co. of Am.*, 250 Va. 282, 462 S.E.2d 81, 84, 12 Va. Law Rep. 244 (Va. 1995). TMMG has alleged alternative theories for the breach of the contract to defend as is permitted in modern pleading. See *R 150 SPE, LLC,* 2022 U.S. Dist. LEXIS 106803 \* 13-15.

### IV.     TMMG ARGUMENT

A.     <u>Two Different Agreements Being Considered.</u>

Though the coverage issue is on appeal to the Benefits Review Board, the issue in this case is not. The issue here is whether ACE is liable for breach of its duty to defend. ACE could have denied coverage, at which point TMGG would have known that it needed to retain counsel. Instead, ACE reserved its right to deny coverage at a later time and agreed in writing to defend TMMG. See ECF 1-2 ¶ ¶27-32 and ECF Doc 1-2 page 73-74. This agreement is valid and enforceable. Even if the Board affirms the ALJ's ruling (finding no duty to indemnify), ACE's agreement to defend, documented by its reservation of rights letter, is still enforceable and not barred by res judicata or collateral estoppel.

The crux of TMMG's breach of contract complaint involved facts and law not implicated by the ALJ's ruling. Although CL was paid by ACE, legal ethics rules and standards of competence required that attorney to be independent of any disputes between the insurer and its insured. While an insurer is ordinarily not vicariously liable for the negligence or unethical conduct of the attorney it hires (an independent contractor), the insurer is liable (or estopped from denying coverage) when it requests or consents to the attorney's breaches of duty and the insured is prejudiced. See A. Windt, Insurance Claims and Disputes 5th Ed.2007  § 4:42. See also, *Parsons v. Continental National American Group,* 113 Ariz. 223 (1976) (when an attorney used the confidential relationship to gather information so as to deny the insured coverage under the policy, such conduct constituted a waiver of any policy defense and was so contrary to public policy that the insurance company was estopped from disclaiming liability under an exclusionary clause.)

In determining that ACE did not owe DBA coverage for the widow, the ALJ based her decision at least in part on the admission of CL, TMMG's attorney. The ALJ  stated in her order:

> "TMMG also contends its Defense Base Act insurance policy with Chubb [ACE] did not cover Decedent's work in Croatia because it was limited to SMART inspections conducted by TMMG employees. [TMMG's Remand Bried] at 17."

The Complaint also alleges at least five instances where CL argued to the ALJ that the ACE policy did not provide TMMG coverage for the Duvall Claim. See ECF 1-2 ¶ 42, 45, 47, 53, and 56. The complaint also alleges at least three instances that CL advised ACE that the policy did not provide coverage to TMMG for the Duvall Claim. See ECF 1-2 ¶ 43, 44, 46. In one instance CL told ACE that TMMG believed the insurance policy did not cover the DBA claim. See ECF 1-2 ¶ 43. The Complaint also alleges that a year or two before the ALJ ruled on coverage, CL admitted to ACE "we'll have to advise TMMG of this coverage issue at some point as they will need to secure counsel." See ECF 1-2 ¶ 44. None of this was made known to TMMG before the ALJ ruled against coverage. A clearer breach of the attorney's duty to his client is hard to imagine.

TMMG's complaint in this court alleges a claim with sufficient factual details to show that ACE breached its agreement to defend and violated its duty of good faith and fair dealing when it either requested or knew and consented to CL arguing against coverage subverting his client's interest before the administrative law judge. This claim is separate and distinct from whether ACE owed death benefits coverage under the policy.

ACE argues that the ALJ's ruling shows that ACE has no contract with TMMG, and therefore no contractual duties. Put another way, ACE claims its promise to defend TMMG was illusory. Even if ACE's undertakings are meaningless, as it claims, it nevertheless appointed counsel to (allegedly) defend TMMG. Having undertaken the duty, it was required to act reasonably and ethically in discharging the duty.

B. <u>ACE Satisfies None of the Elements Necessary to Prove Collateral Estoppel.</u>

ACE argues that this breach of contract action (based upon breach of ACE's duty to defend) is barred by collateral estoppel. Its concept is that the ALJ's finding that ACE had no duty to indemnity TMMG for benefits liability renders the policy *void ab initio* and, therefore, all issues arising under the policy are foreclosed by the ruling.[1] This ignores the fact that ACE's reservation of rights letter was a free-standing written undertaking to provide a defense. In any event, "A party seeking to rely on the doctrine of collateral estoppel is obliged to establish five elements:

> (1) that 'the issue sought to be precluded is identical to one previously litigated' ('element one');
>
> (2) that the issue was actually determined in the prior proceeding ('element two');
>
> (3) that the issue's determination was 'a critical and necessary part of the decision in the prior proceeding' ('element three');
>
> (4) that the prior judgment is final and valid ('element four'); and
>
> (5) that the party against whom collateral estoppel is asserted 'had a full and fair opportunity to litigate the issue in the previous forum' ('element five')." *Collins v. Pond Creek Mining Co.,* 468 F.3d 213, 217 (4th Cir. 2006).

No facts alleged in the complaint satisfy any of the elements required to be proved. First, the issue sought to be precluded is not identical to one previously litigated. The ALJ did not consider whether ACE had a duty to defend TMMG in accordance with ACE's policy or reservation of rights letter, and if so, whether ACE violated that duty when it requested or with its knowledge and consent allowed CL to argue against insurance coverage.

The distinction between a duty to indemnity (decided by the ALJ) and the duty to defend (not considered by the ALJ) is well-recognized. As the Fourth Circuit has stated: "insureds pay a premium for what is partly 'litigation insurance' designed to 'protect[] the insured from the

---

[1] This does not make much sense. The policy was never declared void. While a breach of a warranty can render a policy void under certain circumstances in certain jurisdictions the ruling here was that the claim fell outside the scope of coverage.

Page 7 of 12

expense of defending suits brought against him.'" *Perdue Farms, Inc. v. Travelers Cas. & Sur. Co. of Am.,* 448 F.3d 252, 258 (4th Cir. 2006). In this case, the Complaint alleges facts showing that ACE breached its duty to defend and failed to exercise good faith and fair dealing in the defense of that claim. That issue was not before the ALJ. As ACE points out in its brief, the gist of TMMG's theory is that "ACE put its interest ahead of TMMG's in its handling of the claim." ACE's Brief at p. 26. Because the issue was never litigated the second and third elements that the issue actually be determined and that it was critical or necessary to the prior proceeding are not satisfied.

As to the fourth element, the ALJ's decision on compensation may be final, but the ALJ never decided the question before this Court; therefore, no final judgment exists as to this issue. Finally, the fifth element requires a "full and fair opportunity to litigate the issue in the previous forum." The complaint alleges CL told the ALJ that he represented Chubb Insurance [ACE], ECF 1-2 ¶ 47, and argued against ACE owing coverage to his client TMMG. Because TMMG's interests were not represented at the hearing before the ALJ, ACE fails to satisfy this final element fails as well. Clearly collateral estoppel does not preclude this Court from hearing this case.

   C. <u>ALJ Lacks Authority to Hear This Dispute.</u>

Contrary to ACE's argument, the ALJ did not consider this issue and, importantly, lacks jurisdiction to hear this contract dispute. Although identified as a "power to render" issue, ACE argues that this Court should dismiss this action because an administrative agency is best suited to make the decision on the issues in dispute, even though the district court has subject matter jurisdiction. The U.S. District Court for the District of Columbia finds this argument to be an issue under the primary jurisdiction doctrine. See, *Continental Ins. Co. v. Sandi Group, Inc.* 804 F. Supp. 2d 59 (U.S.D.C. DC 2011) FN1. Regardless of what it may be called, the problem with ACE's argument is that the ALJ does not have the authority over breach of contract issues that have no

bearing on the payment of benefits. *Id.* Whether ACE violated its duty to defend by acquiescing in its lawyer arguing against coverage to his client's detriment is not within the grant of jurisdiction found in 33 U.S.C. § 919(a), which limits the scope of the ALJ's authority "to hear and determine all questions in respect of such claim [for compensation]." *Id.*

In the context of the LHWCA, the Fifth Circuit has ruled on similar contract disputes that had only tenuous "but for" connection with the compensation claim. See, *Equitable Equipment Co. v. Dir. Office of Worker' comp Programs, U.S. Department of Labor,* 191 F. 3d 630, 631 (5th Cir. 1999) and *Temp. Empl. Servs. v. Trinity Marine Group, Inc.,* 261 F. 3d 456 (5th Cir. 2001). In each case, it held that the ALJ's jurisdiction was limited to that necessary to determine the compensation of a claimant. *Id.* The Court found that "common law contact disputes generally involve private rights which are at the core of matters normally reserved to Article III courts and thus beyond the purview of non-Article III entities." *Temp.Empl.* 261 F.3d at 465 (5th Cir. 2001) (internal cites deleted).

*Equitable Equipment* was a dispute over attorneys fees. The Fifth Circuit determined that "the sole issue in this case is a state law breach of contract claim between an insurer and its insured. Such a claim is beyond the jurisdictional reach of §919(a), particularly when the underlying compensation claim has been resolved and no factual dispute regarding the compensation claim itself must be decided." *Equitable Equip., 191 F.3d at 632.* The *Temp. Empl.* Court reaffirmed its holding in *Equitable Equip.* when it addressed an indemnity agreement between the employment service company and the injured worker's employer, who was found liable for the compensation. The ALJ went on to hold the employment service company and its insurer liable to the employer under the indemnity agreement. In overturning that decision, the Fifth Circuit held that "Congress did not grant administrative tribunals authority in 919(a) to adjudicate [these] contractual issues." Id. at 465.

In a similar case, the United States District Court for the District of Columbia followed the Fifth Circuit's analysis when it decided that it had the authority to adjudicate a declaratory judgment action to resolve an insurance coverage dispute arising out of a DBA workers' compensation policy. *Cont'l Ins.,* 804 F. Supp. 2d 59. In that case, an issue arose as to whether an insurance policy covered compensation under the DBA for claims made by Iraqi nationals employed by the insured, who were killed or injured in connection with their employment. *Id.* The insurer denied coverage and brought the declaratory judgment action before the district court. Similar to the case at bar, the defendants moved to dismiss the action claiming that that decision rest primarily with the ALJ through its grant of authority under 33 U.S.C. § 919(a). In denying their motion, the district court stated: "[t]his Court is inclined to agree with the reasoning of the Fifth Circuit [referring to *Temp. Empl.*] and its construction of the statute and to conclude that the insurance coverage dispute is collateral to the only issue the state assigns to the ALJ to resolve: the claimant's entitlement to payment." *Id.* at 63. The question of insurance coverage before the *Cont'l* court is even closer to the question of compensation than the issue before this matter at bar. The insurer breach of a contractual obligation in defending its insured is too tenuous to the compensation issue as to be outside the authority of the ALJ. No connection exist between this question and the claimant's compensation. The ALJ has no authority to decide this issue.

D.   There Are Many Ways To Breach A Contract

Arguing against Court II, ACE states that although Virginia recognizes an implied covenant of good faith and fair dealing in contracts, it does not amount to an independent tort. ECF Doc 6 p. 25. Further ACE argues that because Count I alleges a breach of contract, Count II is duplicitous to that count. This same issue was addressed in *The Reserve at Winchester 1, LLC v. R 150 SPE, LLC,* 2022 U.S. Dist. LEXIS 106803 * (W.D. Va 2022). There the Court found nothing

untoward about pleading breach of contract on alternative pleading. *Id.* There are many ways CL and ACE breached their contract: (1) by failing to properly defend TMMG and (2) by failing to exercise good faith and fair dealing in the representation. Alternative pleading is permitted. *Id.*

## V. CONCLUSION

ACE's agreement and duty to defend are separate from the duty to indemnify. ACE entered into a contract with TMMG to defend it in the DBA proceedings. That agreement was never before the ALJ and disputes arising from that agreement are so tenuous to the compensation owed to the widow Duvall that the ALJ has no authority to decide the issue. There are no restrictions on this Court exercising its jurisdiction over the matter and granting relief to TMMG. This Court should deny ACE's motion to dismiss in full.

Dated: March 18, 2025                                          Respectfully Submitted,

                                                                /s/ *Patrick M Brogan*
                                                               Patrick M. Brogan (VSB No. 25568)
                                                               Kaufman & Canoles, P.C.
                                                               150 West Main Street, Suite 2100
                                                               Norfolk, VA 23510
                                                               T: (757) 624-3115
                                                               F: (888) 360-9092
                                                               E-mail: pmbrogan@kaufcan.com
                                                               *Counsel for Plaintiff The McHenry Management Group*

## **CERTIFICATE OF SERVICE**

I hereby certify that on March 18, 2025, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will send a notification of such filing (NEF) to all the following counsel of record:

David N. Ventker (VSB No. 29983)
Marissa M. Henderson (VSB No. 44156)
Ventker Henderson Stancliff, PLLC
256 W. Freemason St.
Norfolk, VA 23510
T: (757) 625-1192
F: (757) 625-1475
dventker@ventkerlaw.com
mhenderson@ventkerlaw.com

*Counsel for Defendant*
*ACE American Insurance Company*
*d/b/a Chubb Insurance Company*

/s/ *Patrick M Brogan*
Patrick M. Brogan (VSB No. 25568)
Kaufman & Canoles, P.C.
150 West Main Street, Suite 2100
Norfolk, VA 23510
T: (757) 624-3115
F: (888) 360-9092
E-mail: pmbrogan@kaufcan.com
 *Counsel for Plaintiff The McHenry*
 *Management Group*