# INSURANCE CLAIMS & DISPUTES

## Representation of Insurance Companies And Insureds

### FIFTH EDITION

**ALLAN D. WINDT**



THOMSON

WEST

*For Customer Assistance Call 1-800-328-4880*

Mat #40590799

Duty to Defend                                    § 4:42

### § 4:42  Unethical conduct by counsel hired by insurer to defend insured

**Research References**

West's Key Number Digest, Insurance ⚬2927
West's A.L.R. Digest, Insurance ⚬2927

As discussed in § 4:19, the counsel hired by the insurance company to defend the insured cannot put the company's interests ahead of the insured's. If counsel breaches a duty to the insured, either at the company's request or with the company's knowledge and consent,[1] the insurer should be held accountable, and it can be estopped from denying coverage if the defense counsel's wrongdoing served to prejudice the insured.[2]

This problem will rarely arise if there is a conflict of interest between the insurer and the insured with regard to how the lawsuit against the insured should be defended. If the conflict of interest is disclosed in a reservation of rights letter, the insured will normally either select his or her own counsel to be paid for by the insurer or be represented by "independent" counsel that does not also represent the insurer's interests.[3] And if the conflict of interest is not disclosed, the insurer will later be estopped from denying coverage regardless of the actions taken by defense counsel.[4]

One case in which the problem did arise, however, is

---

an insured defendant when he counterclaims"). The courts may not, however, allow the insured to be represented by two separate counsel under these circumstances. *See* § 4:22. *See also Reynolds v. Hartford Acc. & Indem. Co.*, 278 F. Supp. 331, 333-34, 12 Fed. R. Serv. 2d 105 (S.D. N.Y. 1967) (criticizing the use of two separate counsel, one to conduct the defense and the other to pursue the counterclaim, on the basis that there would be a "possible conflict in presentation of the defense and assertion of [the counterclaim]").

**[Section 4:42]**

[1]In the absence of such knowledge by the insurer, the insurer should not be punished for the counsel's transgressions. *See* § 4:40. To the extent that the insured is injured, under those circumstances, as a result of the counsel's breach of duty, any remedy should be solely against the attorney.

[2]*See* § 6:34.

[3]*See* § 4:22.

[4]*See* § 2:10.

*Parsons v Continental National American Group*.[5] In that case, the counsel hired by the insurer, after investigating the matter, notified the company of facts indicating that it might be able to deny coverage on the basis that the insured had committed an intentional tort, which was subject to a policy exclusion. Accordingly, the insurer issued an appropriate reservation of rights letter. The insured, however, did not request independent counsel.

The sole issue before the court was the effect of the counsel's communications to the insurer regarding policy coverage. The court resolved that issue by holding that the counsel's conduct was unethical and that, as a result, the insurance company was estopped from denying coverage.

> The attorney in the present case continued to act as Michael's attorney while he was actively working against Michael's interests. When an attorney who is an insurance company's agent uses the confidential relationship between an attorney and a client to gather information so as to deny the insured coverage under the policy . . . we hold that such conduct constitutes a waiver of any policy defense, and is so contrary to public policy that the insurance company is estopped as a matter of law from disclaiming liability under an exclusionary clause in the policy.[6]

The problem with that analysis is that, on its face, it punishes the insurer for the wrongdoing of the defense counsel that it hired. Such a result would be improper. If the insurer is to be estopped from denying coverage, this should be based on some independent wrongdoing by the insurer.[7] That requirement, was, in fact, met in the *Parsons* case, since the insurer failed to instruct the defense counsel to cease acting unethically and the counsel communicated with

---

[5]*Parsons v. Continental Nat. Am. Group*, 113 Ariz. 223, 550 P.2d 94 (1976). *See also* § 4:16.

[6]*Parsons v. Continental Nat. Am. Group*, 113 Ariz. 223, 550 P.2d at 97 (1976).

It has been broadly held that if an insurer acts in bad faith in handling the insured's defense under a reservation of rights, it can be estopped from denying coverage. *See generally Wickswat v. Safeco Ins. Co.*, 78 Wash. App. 958, 904 P.2d 767, 775 (1995).

[7]*See* §§ 4:40–4:41.

*Contra Manzanita Park, Inc. v. Insurance Co. of North America*, 857 F.2d 549, 555 (9th Cir. 1988) ("Arizona law holds the insurer who undertakes to defend its insured to the standard of fiduciary care assumed by the attorney whom it appoints to conduct the defense").

the insurer on at least one subsequent occasion regarding
the potential for denying coverage.[8]

As previously discussed, a *Parsons* type situation should
arise infrequently because of an insured's right to indepen-
dent counsel under those circumstances. The propriety of a
defense counsel's actions is also significant, however, when,
although there is no conflict of interest with regard to how
the lawsuit against the insured should be defended, there is
a conflict of interest between the insurer and the insured by
virtue of the existence of coverage defenses unrelated to the
action against the insured. Under those circumstances,
defense counsel has a duty not to use his or her position
with the insured as a means of obtaining information to sup-
port the insurer's coverage defenses. If counsel breaches that
duty and such breach is attributable to the insurer, the
insurer will be estopped from denying coverage based on the
information that the defense counsel wrongfully obtained.[9]

*Employers Casualty Co v Tilley*[10] is illustrative. The
insurer in that case provided the insured a defense subject
to a nonwaiver agreement pursuant to which it reserved its
right to deny coverage on the grounds that the insured had
failed to give notice of the occurrence as soon as practicable.
The insured took the position that he did not give notice
earlier because he did not have knowledge of the occurrence
until long after it had taken place. As a result, the defense
counsel provided by the insurer, at the request of the insurer,
actively worked against the insured's interest by developing
evidence on the late notice question. The court, therefore,
held that the insurer was estopped from denying coverage
on the grounds of late notice.

The insurer did not dispute that the counsel's actions were
wrongful or that it was responsible for the counsel's wrongdo-
ing. It did assert, however, that the wrongdoing could not
result in an estoppel because of the absence of any prejudice

---

[8]*Parsons v. Continental Nat. Am. Group*, 113 Ariz. 223, 550 P.2d at
96 (1976).

[9]*E.g., State Farm Mut. Auto. Ins. Co. v. Walker*, 382 F.2d 548, 552
(7th Cir. 1967) (Indiana law); *Allstate Ins. Co. v. Keller*, 17 Ill. App. 2d 44,
149 N.E.2d 482, 486–87, 70 A.L.R.2d 1190 (1st Dist. 1958); *Medical Mut.
Liability Ins. Soc. of Maryland v. Miller*, 52 Md. App. 602, 451 A.2d 930,
934, 30 A.L.R.4th 610 (1982).

[10]*Employers Cas. Co. v. Tilley*, 496 S.W.2d 552 (Tex. 1973).

to the insured. It argued that the evidence gathered by the defense counsel could also have been developed by one of its agents, investigators or other attorneys. The court rejected that contention.

> Whether Employers would have been as successful in gathering evidence through other attorneys as it was through the attorney that [the insured] and his employees thought to be looking after nothing but [the insured's] defense, is a matter of speculation. It falls in the realm of what might have been. We are here concerned with what actually occurred—the means by which Employers actually developed the evidence of . . . [the insured's] alleged knowledge of the accident.[11]

Other courts, however, may have precluded the insurer only from using the evidence improperly developed by counsel, and allowed the insurer to attempt to establish its coverage defense based on untainted evidence.[12] Note that that result would be justified even if the insurer were not guilty of having sanctioned the defense counsel's wrongdoing.

## § 4:43  Intervention by insurer in lawsuit filed against insured

**Research References**

West's Key Number Digest, Insurance ⮑2927
West's A.L.R. Digest, Insurance ⮑2927
Darroch and Penn, Intervention, Interpleader, and Defense and Indemnity Agreements Insurers' Alternatives to Declaratory Judgment Actions, 24-SUM Brief 22 (Summer, 1995)

There are two circumstances in which an insurer that is not in control of its insured's defense might be motivated to attempt to intervene in the lawsuit against its insured: when the insured is in a position to structure the defense so as to maximize the possibility of coverage, and when the insured does not appear to be making a good faith defense to the claims, but refuses to allow the insurer to assume the de-

---

[11]*Employers Cas. Co. v. Tilley*, 496 S.W.2d at 561 (Tex. 1973).

[12]*See Snodgrass v. Baize*, 405 N.E.2d 48, 54 (Ind. Ct. App. 2d Dist. 1980) (if insured's counsel improperly obtains statement from insured in order to assist insurer in denying coverage, such statement is inadmissible; insurer is not, however, estopped from denying coverage).