IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division

**THE MCHENRY MANAGEMENT GROUP, INC.,**

        **Plaintiff,**

**v.**                                        **CIVIL ACTION NO. 2:25-cv-54**

**ACE AMERICAN INSURANCE COMPANY D/B/A CHUBB INSURANCE COMPANY,**

        **Defendant.**

*MEMORANDUM OPINION AND ORDER*

Before the Court is Defendant ACE American Insurance Company d/b/a Chubb Insurance Company's Motion to Dismiss Plaintiff's Complaint pursuant to Federal Rule of Civil Procedure ("FRCP") 12(b)(6). ECF No. 5 ("Mot. Dismiss"). Defendant filed a Memorandum in Support of the Motion. ECF No. 6 ("Mem. Supp."). Plaintiff The McHenry Management Group, Inc. filed a Response in Opposition. ECF No. 13 ("Resp. Opp'n"). The Court has considered the parties' memoranda, and this matter is now ripe for judicial determination. Upon review, the Court finds that a hearing on these Motions is not necessary. *See* Va. Local Civ. R. 7(J). For the reasons stated herein, Defendant's Motion to Dismiss is **GRANTED**.

    **I.**    **FACTUAL AND PROCEDURAL HISTORY**

Relevant to Defendant's Motion to Dismiss and stated in the light most favorable to Plaintiff, the following alleged facts are drawn from the Complaint, ECF No. 1, Ex. 2 ("Compl."),[1] and attachments thereto.

---

[1] Defendant removed this case from Chesapeake Circuit Court to this Court pursuant to 28 U.S.C. §§ 1441 and 1446. ECF No. 2. As such, the Court will reference the Complaint filed in state court, which is attached as an exhibit to Defendant's Notice of Removal. ECF No. 1.

1

This case comes to the Court with a lengthy and complex procedural history. A proper understanding of the issues before this Court requires a review of the action underlying this case.

*The Third-Party Claim*

On January 23, 2017, The McHenry Management Group ("TMMG") entered a contract with Viktor Lenac Shipyard ("Viktor"), a privately owned shipyard located in Croatia. Compl. ¶¶ 15–16. Viktor entered into a contract with the United States Government to perform work aboard the USS Mount Whitney. *Id.* ¶ 17. The contract provided that TMMG would work with another company, Mi-Tech, Inc., to assign a Mi-Tech employee to perform services aboard the USS Mount Whitney. *Id.* ¶ 19. Viktor would then pay TMMG for the services rendered, and TMMG would pay Mi-Tech for its employee's work. *Id.* On September 1, 2017, TMMG entered a contract with Mi-Tech for its employee, Mr. Duvall, to perform services on the USS Mount Whitney from September 6, 2017, through September 17, 2017. *Id.* ¶ 20. Mr. Duvall's work stay was extended, by agreement of the parties, beyond September 17, 2017. *Id.* ¶ 23. On September 27, 2017, Mr. Duvall suffered a fatal heart attack at a Viktor office and died while in Croatia. *Id.*

*The Applicable Policy*

On March 27, 2017, ACE American Insurance Company ("ACE") issued TMMG a Defense Base Act Workers Compensation Liability Insurance Policy ("Policy"). Mem. Supp. Ex. 2 at 27–51.[2] The purpose of the Policy was to insure TMMG against potential liability and provide

---

[2] The Complaint provides as an exhibit an insurance policy between TMMG and ACE for the period of 2018-2019. Compl. Ex. 1. The policy in dispute was issued for the period of 2017-2018. Compl. ¶ 13. ACE has provided a copy of the relevant policy to its Motion to Dismiss. Mem. Supp. Ex. 2 at 27–51. When a plaintiff fails to attach a pertinent document to the complaint, but the defendant attaches the document to its motion to dismiss, "a court may consider it in determining whether to dismiss the complaint because it was integral to and explicitly relied on in the complaint and because plaintiffs do not challenge its authenticity." *Phillips v. LCI Int'l, Inc.*, 190 F.3d 609, 618 (4th Cir. 1999); *see also Sec'y of State for Defence v. Trimble Navigation Ltd.*, 484 F.3d 700, 705 (4th Cir. 2007) (A court may "consider documents attached to the complaint . . . as well as those attached to the motion to dismiss, so long as they are integral to the complaint and authentic."). Here, TMMG did not challenge the authenticity of the policy attached to ACE's Motion to Dismiss in its Opposition Brief. Therefore, the Court will consider it.

indemnity and defense against claims brought against TMMG under the Defense Base Act ("DBA"). *Id.* The DBA provides workers' compensation protection to civilian employees working outside of the United States on U.S. military bases or under a contract with the U.S. government. 42 U.S.C. § 1651. The Policy provided TMMG coverage from March 27, 2017, through March 27, 2018. Mem. Supp. Ex. 2 at 40.

*The Underlying Action*

On December 15, 2017, Mr. Duvall's widow filed a claim against Mi-Tech, Inc. for DBA benefits with the United States Department of Labor's Office of Workers Compensation Programs. Compl. ¶ 25. After Mi-Tech notified Mrs. Duvall it did not provide DBA insurance coverage for Mi-Tech employees during the relevant period, Mrs. Duvall amended her claim to seek DBA benefits from TMMG as her husband's statutory employer for the relevant time period in Croatia. *Id.* ¶ 26. An Administrative Law Judge ("ALJ") for the U.S. Department of Labor entered an order adding TMMG as a party to the proceeding (the "Underlying Action"). *Id.* ¶ 40.

Upon receiving notice of the Underlying Action, TMMG notified its insurer, ACE. *Id.* ¶ 27. On March 20, 2019, ACE sent TMMG a reservation of rights letter and informed TMMG it would assign an attorney to represent and defend TMMG in the Underlying Action. *Id.* ¶ 28. From November 2019 to April 2021, ACE's counsel allegedly misrepresented TMMG's interests in the Underlying Action. *Id.* ¶ 42. On April 26, 2021, the ALJ issued an order denying DBA benefits to Mrs. Duvall but did not address whether TMMG was covered under the Policy. *Id.* ¶ 49.

In July 2021, Mrs. Duvall appealed the ALJ's April 26 Order to the U.S. Department of Labor's Benefits Review Board (the "Board"). Compl. ¶ 50. On March 21, 2022, the Board reversed the ALJ's order, ruling that Mr. Duvall's work was covered by the DBA, and remanded the case to the ALJ to determine liability. *Id.* ¶ 52. Upon remand, ACE again allegedly

mispresented TMMG's position regarding its coverage under the Policy. *Id.* ¶ 53. On October 13, 2023, the ALJ adopted the misrepresented position and ordered that the Policy did not provide TMMG coverage for Mrs. Duvall's DBA claim. *Id.* ¶¶ 56–57. On November 1, 2023, ACE advised TMMG for the first time that the Policy would not cover TMMG for Mrs. Duvall's DBA claim and ACE would be denying the claim. *Id.* ¶ 62.

TMMG retained independent counsel and appealed the ALJ's liability decision to the Board. Compl. ¶ 74. To the best of this Court's knowledge, TMMG's appeal is still pending. *See* Resp. Opp'n. Concurrently, TMMG filed its Complaint against ACE in the Chesapeake Circuit Court on March 19, 2024. *See* Compl. The Complaint alleges ACE breached its contractual obligations under the Policy to defend, indemnify, and deal in good faith with TMMG throughout the Underlying Action. Compl. ¶ 91. As a result of this alleged breach, TMMG seeks damages to remedy the harm that the unfavorable representation has caused the company. *Id.* ¶ 96. ACE removed the case to this Court on January 28, 2025. ECF No. 1. On February 4, 2025, ACE filed a Motion to Dismiss the Complaint. ECF No. 5. On March 18, 2025, TMMG responded in opposition. ECF No. 13. On April 1, 2025, ACE filed a Reply. ECF No. 14 ("Reply").

## II.    LEGAL STANDARD

Federal courts are courts of limited jurisdiction and may not exercise jurisdiction absent a statutory or constitutional basis. *Exxon Mobil Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546, 552 (2005). Unless a matter involves an area over which federal courts have exclusive jurisdiction, a district court has subject matter jurisdiction over a case only where the matter involves a federal question arising "under the Constitution, laws or treaties of the United States," 28 U.S.C. § 1331, or if "the matter in controversy exceeds the sum or value of $75,000, exclusive of interests and costs, and is between citizens of different States." 28 U.S.C. § 1332(a)(1). Therefore, a court must

address questions of subject matter jurisdiction before it can resolve the claims before it. *Jones v. Am. Postal Workers Union*, 192 F.3d 417, 422 (4th Cir. 1999). A challenge to the Court's Article III jurisdiction may be raised under either Federal Rule of Civil Procedure 12(b)(1) for lack of subject matter jurisdiction or Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim. *See Perry-Bey v. City of Norfolk, Va.*, 678 F. Supp. 2d 348, 360 (E.D. Va. 2009), *aff'd*, 333 F. App'x 733 (4th Cir. 2009). The court assumes that all factual allegations in the complaint are true if it is contended that a complaint simply fails to allege facts upon which subject matter jurisdiction can be based. *Adams v. Bain*, 697 F.2d 1213, 1219 (4th Cir. 1982). Lack of subject matter jurisdiction may also be noticed by the Court *sua sponte*. *See Ellenburg v. Spartan Motors Chassis, Inc.*, 519 F.3d 192, 196 (4th Cir. 2008) (citing *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 506 (2006)). Federal Rule of Civil Procedure 12(h)(3) provides that "[i]f the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3).

### III.    DISCUSSION

As a threshold matter, ACE argues that this Court does not have jurisdiction to hear this case. Mot. Dismiss at 2–3. Before addressing the merits, the Court must determine whether it has jurisdiction to review TMMG's claims while its administrative appeal to the Board is still pending.

#### A.    Judicial Review under the Defense Base Act

The DBA is an extension of the Longshore and Harbor Workers' Compensation Act ("LHWCA"). *See* 42 U.S.C. § 1651(a) ("Except as herein modified, the provisions of the Longshore and Harbor Workers' Compensation Act . . . shall apply in respect to the injury or death of [workers covered under the DBA]."). The LHWCA outlines the proper procedure for review of a claim arising under the DBA. *See* 33 U.S.C. § 919. After a DBA claim is filed with the Department of Labor, an initial hearing must be held "upon application of any interested party."

33 U.S.C. § 919(c). An ALJ presides over this initial hearing and issues a decision. *See id.* § 919(d). Any party of interest may appeal the ALJ's decision to the Board, which is "authorized to hear and determine appeals raising a substantial issue of law or fact." *Id.* § 921(b)(3). The Board may then issue a final order or remand the case back to the ALJ. *See id.* § 921(b)(4).

The LHWCA permits Article III review of a final order issued by the Board. *Id.* § 921(c).[3] The Fourth Circuit has held that initial judicial review of a final order for a DBA claim by the Board is proper by the district court. *See Lee v. Boeing Co.*, 123 F.3d 801, 805 (4th Cir. 1997) ("[J]udicial review of DBA claims differs from judicial review of LHWCA claims. After the administrative determination and initial appeal to the Board, jurisdiction for judicial review in DBA cases lies in the appropriate district court, not in the court of appeals.").

However, the LHWCA requires the order to be "final" to obtain any judicial review of a claim arising under the Act. 33 U.S.C.A. § 921(c); *AFIA/CIGNA Worldwide v. Felkner*, 930 F.2d 1111, 1112 (5th Cir. 1991) (affirming the district court which held "exclusive jurisdiction for the initial appeal of the [DBA] compensation order was with the Benefits Review Board."); *Dyncorp Int'l v. Mechler*, 2009 WL 303329 (S.D.N.Y. Feb. 9, 2009) (finding the Court lacked statutory power to adjudicate the case because the Board order was on remand and thus not final); *Tideland Welding Serv. v. Dir., Off. of Workers' Comp. Programs, Dep't of Lab.*, 817 F.2d 1211 (5th Cir. 1987) (dismissing the appeal for want of jurisdiction because there was no "final order" as required

---

[3] There is a split among the circuits regarding whether the initial judicial review of a Board order arising under the DBA is proper by the district courts or the courts of appeal. *Compare Lee v. Boeing Co.*, 123 F.3d 801, 805 (4th Cir. 1997) (finding initial judicial review in district court proper), *and AFIA/CIGNA Worldwide v. Felkner*, 930 F.2d 1111, 1112 (5th Cir. 1991) (same), *and Home Indent. Co. v. Stillwell*, 597 F.2d 87, 89 (6th Cir. 1979) (same), *and ITT Base Servs. v. Hickson*, 155 F.3d 1272, 1275 (11th Cir. 1998) (same), *with Pearce v. Director, Office of Workers' Compensation Programs*, 603 F.2d 763 (9th Cir. 1979) (finding initial judicial review in court of appeals proper), *and Serv. Emps. Int'l, Inc. v. Dir., Off. of Workers Comp. Program*, 595 F.3d 447 (2d Cir. 2010) (same). For the present case, the Court need not provide the legislative history underlying this split, which has been discussed in detail. However, it is undisputed across circuits that judicial review, whether in the appropriate district court or court of appeals, can only be obtained on a final Board order.

by statute and petitioners improperly sought review from both the Board and the Article III court concurrently).

In its Complaint, TMMG requests the Court review whether ACE's misrepresentations in the Underlying Action breached its contractual obligations to TMMG under the Policy. *See* Compl. TMMG contests its liability in the Underlying Action and credits ACE's alleged misrepresentations for the damages it has incurred appealing the liability decision. Compl. ¶ 86, 94. These allegations rest on the foundation that, absent ACE's breach of contract in the Underlying Action, the outcome of the Underlying Action may have been different: TMMG may not have been found liable and may not have incurred the damages it seeks in this action. Undertaking such a counterfactual analysis requires the Court to evaluate the merits of the ALJ's liability decision, which is currently pending before the Board. The Court cannot reach the merits of this case without overcoming the jurisdictional hurdle.

The Court does not have statutory power under the LHWCA to review the ALJ's decision because it is not a final order within the meaning of the statute. *See Rivere v. Offshore Painting Contractors*, 872 F.2d 1187, 1190 (5th Cir. 1989); *AFIA/CIGNA Worldwide*, 930 F.2d at 1116 (dismissing the case for lack of jurisdiction because a concurrent appeal to the Board was still pending). And because, as far as this Court knows, TMMG's claim is still pending before the Board, there is no "final order" to review.

TMMG frames its breach of contract claim here as distinct from an appeal on the merits of the ALJ's ruling. Resp. Opp'n at 9. The Court is skeptical. However, even if this case is not an attempt to circumvent the LHWCA's judicial review procedure, factual development is necessary to understand the issues. Specifically, the status of the Underlying Action would affect the Court's analysis of the allegations and damages sought here. The Court will not know the result of the

7

alleged unfavorable representation until the Board rules on the issue of liability. In other words, this case is not ripe for review. *Eggers v. Clinchfield Coal Co.*, 11 F.3d 35, 39 (4th Cir. 1993) (finding judicial economy was best served by postponing review until a final Board order was issued on the remaining claim in the administrative proceeding because the cases were "so intertwined" and claimant would not lose her rights by dismissal without prejudice). The LHWCA allows TMMG to seek judicial review once the Board has issued its final order, at which point TMMG may refile this action. However, the Court does not yet have jurisdiction to review the underlying administrative decision. Therefore, TMMG's claim must be dismissed.

## IV. CONCLUSION

For the foregoing reasons, ACE's Motion to Dismiss (ECF No. 5) is **GRANTED**.

The Court **DIRECTS** the Clerk to provide a copy of this Memorandum Opinion and Order to the parties.

**IT IS SO ORDERED.**

Norfolk, Virginia
September 4, 2025

/s/
Raymond A. Jackson
United States District Judge